**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br><br>SAMUEL DAVIS,<br><br>    Defendant. | Case No. 2:12–cr–416–GMN–VCF<br><br>**REPORT & RECOMMENDATION** |

  This matter involves the United States of America's prosecution of Samuel Davis for money laundering. Before the court is Davis's post-judgment motion to inspect the master juror list, which is alternatively styled as a motion to dismiss the indictment for improper venue of grand jury (#22).[1] Davis filed this motion on his own behalf. The United States filed an opposition (#24); and Davis filed an amended affidavit (#25). For the reasons stated below, Davis's motion should be denied.

**BACKGROUND**

  On March 7, 2013, Davis was convicted, following his unconditional guilty plea. (*See* Judgment #20). He was sentenced; he did not appeal; and his conviction became final on March 21, 2013. *See* FED. R. APP. P. 4(b)(1)(A)(I).

  The motion before the court appears to be based on arguments originated by Eduardo Rivera. (*See* Def.'s Mot. (#22) at 52). The documents are prefabricated motions, which seek to dismiss federal indictments and inspect grand jury lists. The motions assert that the prisoners' convictions and indictments are invalid. In support, they offer a variety of novel legal arguments regarding the

---

[1] Parenthetical citations refer to the court's docket.

composition of grand and petite juries and the authority of this court.[2]

Eduardo Rivera is a tax protester and disbarred attorney. He was admitted to practice law in 1972. *See* ATTORNEY SEARCH: EDUARDO RIVERA, THE STATE BAR OF CALIFORNIA, http://members.calbar.ca.gov/fal/Member/Detail/52737 (last visited on June 26, 2014). In 2006, Rivera was disbarred for failing to comply with the law, advising his clients to violate the law, and acting with moral turpitude, dishonesty, and corruption when practicing law. *See In the Matter of Eduardo Rivera*, Case No. 03-O-01778-RAP (Cal. Bar Ct. March 7, 2006).

In at least one instance, the advice that Rivera gave to his client resulted in the client's imprisonment. In *United States v. Simkanin*, 420 F.3d 397 (5th Cir. 2005), Rivera's client—defendant Richard Michael Simkanin—was indicted and convicted of tax fraud after Rivera advised Simkanin that Simkanin and his employees "had no legal duty to pay taxes." *Simkanin*, 420 F.3d 397, 403. Rivera's advice was wrong. As a result of following Rivera's advice, Simkanin was sentenced to eighty-four months (i.e., seven years) in prison. *Id*.

In another case, Rivera offered different clients the same advice. He told his clients that if they do not file tax returns, then they do not have to pay taxes. *United States v. Rivera*, No. CV 03–2520–GHK–(JWJX), 2003 WL 22429482, at *1 (C.D. Cal. 2003). This was a lie. Rivera then sold his clients "opinion letters" that cost between $100.00 and $2,000.00 and told them that his letter would protect them from criminal liability. *Id*. This was also a lie. In *United States v. Rivera*, the court reviewed Rivera's legal arguments and opinion letters and concluded that they are "frivolous" and caused substantial harm to Rivera's clients and the United States. *See id*. at *10.

Since being disbarred, Rivera founded an internet school in his own name called the "Ed Rivera Internet Law School" and then appointed himself "Professor of Law and Government." *See id.*

---

[2] Under 28 U.S.C. § 1867, Davis' unconditional guilty plea precludes the instant motion to dismiss.

However, there is no Ed Rivera Internet Law School. *See* EDRIVERA.COM; ORGANICLAWS.ORG. There are no online courses; there are no degree programs; there are no teachers or students. *See id*.

The only things that exist are a series of websites where Rivera posts the same type of advice that put Simkanin in jail. For instance, Rivera promises his readers "[t]he Magic Bullet [that] makes the federal trial courts disappear as Article III judicial bodies." DR. EDUARDO M. RIVERA, ED RIVERA'S "BRIEF" ON ARTICLE III, http://www.1215.org/lawnotes/work-in-progress/article-iii-court-by-ed-rivera.html (last visited June 26, 2014).

## DISCUSSION

The court now turns to the merits of Davis' *pro se* motion. The court begins by emphasizing that the court's fundamental duty is not to refute arguments but "to provide for the just determination of every criminal proceeding." *See* FED. R. CRIM. P. 2. Here, this means that the court has read Davis' motion, carefully considered the arguments, and formulated an opinion that is rooted in law and reason.

Davis' motion argues that his Sixth Amendment right to a trial by an impartial jury of "the State and district" where the alleged crime was committed has been violated because of "the impossibility of assembling a qualified grand jury constituted of person who are both United States citizens and residents of the judicial district . . . within the boundaries of the counties that comprise the district." (*Id*. at 2). In simpler terms, Davis asserts that his Sixth Amendment right was violated because (1) the United States District Court for the District of Nevada is not "a true United States court" and (2) federal grand jurors must reside on federal land to return a valid indictment.

Davis' argument is taken from Rivera's internet postings. *See, e.g*., DR. EDUARDO M. RIVERA, ED RIVERA'S "BRIEF" ON ARTICLE III, http://www.1215.org/lawnotes/work-in-progress/article-iii-court-by-ed-rivera.html (last visited June 26, 2014); (*see also* Def.'s Mot. (#22) at 52). Both Davis' motion

3

and Rivera's internet posting cite the same authorities, make the same arguments, and even contain the same typos. For instance, both Davis and Rivera refer to 28 U.S.C. §§ 81–130's "Historical and Revision Notes" when, in fact, the notes are called "Historical and Statutory Notes."

Rivera and Davis first argue that the only true Article III courts are in the District of Hawaii and the District of Columbia. In support of this argument, Rivera and Davis rely on *Balzac v. People of Porto Rico*, 258 U.S. 298 (1922) and specifically the portion of the opinion stating the following:

> The United States District Court is not a true United States court established under article 3 of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under article 4, § 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court.

*Balzac*, 258 U.S. at 311–12. This passage does not mean, as Davis argues, that the United States District Court for the District of Nevada is an Article IV section 3 court.

Davis' reliance on *Balzac* is misplaced for two reasons. First, *Balzac* is not about the source of this or any other Article III court's power. In *Balzac*, the court considered the question of whether citizens of Puerto Rico have a Sixth Amendment right to a jury trial by because Puerto Rico is a United States territory. To resolve this question, the court examined the Organic Act of Porto Rico, 48 U.S.C. § 732, to determine whether it extended the Bill of Rights to Puerto Ricans. The court held that Puerto Ricans do not have a Sixth Amendment right to a trial by jury because Puerto Rico is a United States territory, and not a state.

In the passage quoted above, the court cited Article IV section 3 because that clause, known as the Property Clause, gives Congress the power to "make all needful Rules and Regulations respecting

the Territory or other Property belonging to the United States." In *Balzac*, the court stated that the United States District Court for the District of Puerto Rico gets its power from Article IV section 3 because Puerto Rico is a territory that is managed by Congress under Article IV section 3. Therefore, *Balzac* is about courts in United States territories. It is not about courts in any of the states.

Second, Davis' reliance on *Balzac* is misplaced because the passage that Davis (and Rivera) quote is taken out of context. The sentence, "[t]he United States District Court is not a true United States court established under article 3 of the Constitution," refers to the United States District Court for the District of Puerto Rico. It does not refer to all United States District Courts or the United States District Court for the District of Nevada, as Davis suggests. This clear when the passage is read in context:

> Counsel for the plaintiff in error also rely on the organization of a United States District court in Porto Rico, on the allowance of review of the Porto Rican Supreme Court in cases when the Constitution of the United States is involved, on the statutory permission that Porto Rican youth can attend West Point and Annapolis Academies, on the authorized sale of United States stamps in the island, on the extension of revenue, navigation, immigration, national banking, bankruptcy, federal employers' liability, safety appliance, extradition, and census laws in one way or another to Porto Rico. With the background of the considerations already stated, none of these, nor all of them put together, furnish ground for the conclusion pressed on us.
>
> The United States District Court is not a true United States court established under article 3 of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under article 4, § 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States.

*Balzac*, 258 U.S. at 311–13.

Davis also argues that the only true Article III courts are in the District of Hawaii and the District of Columbia because 28 U.S.C. §§ 81–130 lacks some special language that would make the district courts in all other jurisdictions true Article III courts. Davis asserts: "The proof of an illegal

5

conspiracy[3] becomes evident to all when we find that the government is completely and totally unable to locate any legislation that ordains and establishes Article III federal trial court[s] in any State of the Union." (Def.'s Mot. to Dismiss (#55) at 6).

This is incorrect. The relevant legislation is 28 U.S.C. §§ 81–130. No law, including 28 U.S.C. §§ 81–130, needs special language or magic words to affect its purpose. Laws take effect because they are passed by Congress and signed by the President. *See* U.S. CONST. art. 1 § 7 cl. 2–3. The only evidence that is needed to conclusively prove that the United States District Court for the District of Nevada is an Article III court is 28 U.S.C. § 108. This provision states, "Nevada constitutes one judicial district. Court shall be held at Carson City, Elko, Las Vegas, Reno, Ely, and Lovelock."

Davis and Rivera further argue that this statute is void because the only true law is territorial law. This is also incorrect. The United States Constitution, which is the supreme law of the land, provides several mechanisms for creating law. It enables Congress to pass laws governing United States territories (i.e., territorial law) like Puerto Rico, Guam, the Virgin Islands, Samoa, and the Mariana Islands. This power is found in Article IV, section 3, clause 2.

Additionally, the Constitution also enables Congress to create statutory law that applies to the states. This power is found in Article 1, sections 7 and 8. 28 U.S.C. § 108 was created in accordance with Article 1. 28 U.S.C. § 108 was passed by the House of Representatives and the Senate and signed into law by the President. This makes 28 U.S.C. § 108 a valid law. Davis's and Rivera's arguments about territorial law are not relevant.

The court now turns to the second half of Davis's argument: that the District of Nevada is limited to federal land in the state of Nevada and that federal grand jurors must reside on federal land to return a valid indictment. This argument is also taken from Rivera. It is incorrect.

---

[3] The notion that there is a conspiracy was Rivera's idea.

The District of Nevada is not limited to the federal land in the state of Nevada. 28 U.S.C. § 108 defines the geographic limits of the District of Nevada. It states that "Nevada constitutes one judicial district." This means that the District of Nevada encompasses all of Nevada—federal land, state land, county land, and private property. Accordingly, it is not necessary for the members of the grand or petite juries to reside on federal land to qualify as a federal juror. They must simply reside in the state of Nevada. *See* 28 U.S.C. § 1865(b). The state of Nevada is coterminous with the District of Nevada. 28 U.S.C. § 108.

This fact should be self-evident. Citizens that reside in a state but not on federal land can serve on a federal jury just as they can vote in federal elections, obtain social security and welfare from the federal government, and be required to pay federal taxes. The fact that a citizen does not reside on federal land has no effect on that citizen's ability to participate in the federal government's judicial proceeding, elections, social welfare programs, or tax system. All citizens are treated equally.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Samuel Davis' Motion to Dismiss the Indictment for Improper Venue of Grand Jury (#22) be DENIED under 28 U.S.C. § 1867.

IT IS SO RECOMMENDED.

DATED this 12th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE